# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARSON D. COMBS,

                Plaintiff,

v.

MORRIS REECE, RACINE COUNTY HOUSING AUTHORITY, and RACINE COUNTY CIRCUIT COURT,

                Defendants.

Case No. 20-CV-812-JPS

**ORDER**

**1.    BACKGROUND**

Carson D. Combs ("Plaintiff"), proceeding *pro se*, filed a complaint and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without pre-paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

**2.    PLAINTIFF'S INDIGENCE**

On the question of indigence, Plaintiff need not show that he is totally destitute. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). However, the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff avers that he is unemployed, unmarried, and does not have any dependents. (Docket #2 at 1). He receives $1,146.00 per month in benefits

from the Department of Veterans Affairs. (*Id*. at 2). Plaintiff alleges that he spends approximately $979.00 per month in expenses. Thus, Plaintiff has only $167.00 per month after he pays for such expenses. (*Id.* at 2–3). Plaintiff does not have any assets other than $1,146.82 in savings. (*Id.* at 3). Plaintiff also states that he intends to file a petition with the state of Wisconsin seeking an "amortization of debts" under Wisconsin Statutes chapter 128. (*Id.* at 4). Based on the foregoing, the Court finds that Plaintiff is indigent.

3. **EVALUATION OF PLAINTIFF'S CLAIMS**

Notwithstanding the payment of the filing fee, when a plaintiff asks for leave to proceed *in forma pauperis* the Court must screen the complaint. Further, the Court must dismiss the complaint, or any portion thereof, if the plaintiff has raised claims: (1) that are legally frivolous or malicious; (2) that fail to state a claim upon which relief may be granted; or (3) that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that

offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The Court evaluates each of Plaintiff's claims below.

### 3.1. Violations of Federal Housing Regulations.

Plaintiff alleges that his landlord, Defendant Morris Reece ("Defendant Reece"), violated two federal housing regulations. Plaintiff, a Section 8 housing voucher recipient, rented the upper apartment unit from Defendant Reece. Eventually, Defendant Reece offered Plaintiff the lower apartment unit, via text, and Plaintiff accepted this offer. Plaintiff worked with Defendant Racine County Housing Authority ("Defendant RCHA"), a public housing authority, to facilitate the termination of his upper unit lease so that he could move into the lower unit.

Although Plaintiff's upper unit lease was technically terminated on February 29, 2020, Plaintiff continued to live in that unit. Plaintiff alleges that his HUD-VASH[1] program coordinator informed Plaintiff that he would not have to pay rent in March until things were finalized with his new lease

---

[1]Department of Housing and Urban Development and Department of Veteran's Affairs Supportive Housing.

for the lower unit. (It is unclear whether the housing coordinator's instruction applied to both the upper and lower unit or just the lower unit, which Plaintiff did not yet live in.) Defendant Reece texted Plaintiff demanding rent on March 6, 2020. After Plaintiff did not respond, Defendant Reece texted Plaintiff four days later, informing him that he would not rent the lower unit to Plaintiff and that Plaintiff would have until March 31, 2020 to move out of the upper unit.

Plaintiff alleges Defendant Reece violated 24 C.F.R. § 982.310 by not providing him with written notice explaining the grounds for Plaintiff's eviction. This Court does not have jurisdiction over this claim. Although § 982.310 addresses the actions of private landlords who participate in Section 8 housing, "most courts which have considered the issue have concluded that when a Section 8 landlord evicts a tenant, it is not acting as a federal actor, and there is no jurisdiction in the federal courts to review the propriety of the landlord's acts." *Elliott v. Plaza Props.*, No. 2:08cv1037, 2010 WL 2541020, at *5 (S.D. Ohio June 18, 2010) (citations omitted).

Similarly, Plaintiff's claim that Defendant Reece violated 24 C.F.R. § 982.453, "Owner Breach of Contract", is inapplicable. Section 982.453 "provides for breach of contract claims" between landlords and public housing authorities, not tenants. *Smith v. Vistas*, No. 2:18-cv-00473 JAM AC PS, 2018 WL 6268816, at *2 (E.D. Cal. Nov. 30, 2018) (holding that § 982.453 did not establish the court's jurisdiction over a dispute between tenant-plaintiffs and landlord-defendants). Thus, Plaintiff again fails to establish this Court's jurisdiction over his claims against Defendant Reece.

### 3.2   Conspiracy to Commit Fraud, 18 U.S.C. § 371

Plaintiff alleges that Defendant Reece and Defendant RCHA conspired to defraud the United States in violation of 18 U.S.C. § 371. A

Page 4 of 9
Case 2:20-cv-00812-JPS   Filed 11/17/20   Page 4 of 9   Document 12

conspiracy to defraud involves: (1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and (3) an intent to commit the substantive offense. *U.S. v. Cueto*, 151 F.3d 620, 635 (7th Cir. 1998). In support of his claim, Plaintiff refers to a discussion he had with RCHA Housing Specialist, Kim Zamecnik ("Zamecnik"). Plaintiff asked Zamecnik if she knew why Defendant Reece changed his mind with regard to renting the lower unit to Plaintiff. Zamecnik replied that she did not. Zamecnik also confirmed that Defendant RCHA still sent a housing subsidy on Plaintiff's behalf to Defendant Reece. Plaintiff asserts that this payment from Defendant RCHA to Defendant Reece is fraudulent because his upper unit lease was technically terminated on or around February 29, 2020. Plaintiff failed to allege any of the aforementioned elements of 18 U.S.C. § 371. Further, Plaintiff focuses too much on the technical fact that his lease was terminated. He still lived–and would continue to live–in the upper unit. Therefore, this payment from Defendant RCHA to Defendant Reece does not appear fraudulent in the slightest. The Court finds this allegation to be legally frivolous.

### 3.3 Due Process Violations

Plaintiff also alleges that Defendant Reece and Defendant RCHA denied him of due process. Specifically, Plaintiff asserts that, at the time of his complaint, RCHA did not hold a formal or informal hearing. "To state a procedural due process claim, a plaintiff must allege that he was deprived of a protected property interest without notice and a fair opportunity to be heard." *A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend*, No. 3:11 CV 163 PPS, 2011 WL 4005987, at *8 (N.D. Ind. Sept. 8, 2011) (citing *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010)). "There is . . . no question that the termination

of a [tenant's] Section 8 benefits constitutes a deprivation of a constitutionally protected property interest." *Guerrero v. City of Kenosha Hous. Auth.*, No. 10-CV-1090-JPS, 2012 WL 139390, at *4 (E.D. Wis. Jan. 18, 2012). The Court reiterates that at the time Plaintiff filed his complaint, he had not yet been evicted but was still living in Defendant Reece's upper unit.[2] Further, it does not appear that Defendant RCHA ever made a decision concerning the termination of Plaintiff's Section 8 housing voucher. In fact, Plaintiff avers that Zamecnik even told him that he should start looking for a unit as soon as possible so that Plaintiff would not lose his housing benefits. Because Plaintiff has not alleged that he was, at the time of his complaint, deprived of a protected property interest, Plaintiff has not stated a claim upon which relief could be granted as to Defendants Reece or RCHA.

### 3.4 Claims Against Racine County Circuit Court

Lastly, Plaintiff asserts that the Racine County Circuit Court violated his state constitutional rights as well as his Fourteenth Amendment right to due process. Plaintiff filed a complaint against his landlord on March 18, 2020. The Circuit Court reviewed Plaintiff's complaint and ultimately determined that Plaintiff failed to state an actionable claim. Plaintiff sent a letter requesting reconsideration and his request was denied. Shortly thereafter, Plaintiff inquired as to the status of his case and was informed

---

[2]Plaintiff has since filed a motion seeking a temporary restraining order/preliminary injunction (Docket #7) in which he requests this Court to enjoin the Racine County Circuit Court from adjudicating Defendant Reece's eviction action against Plaintiff. Although irrelevant to the Court's screening of Plaintiff's complaint, there is no reason to believe that Plaintiff would not receive due process in state court. Further, Plaintiff's motion seeking a stay of his state court eviction proceedings is precluded by the Anti-Injunction Act, 28 U.S.C. § 2283. *See Lizalek v. Milwaukee Cty.*, No. 12-C-1005, 2012 WL 4759230, at *3 (E.D. Wis. Oct. 4, 2012).

that his complaint was formally denied because Plaintiff failed to state a claim for relief. Plaintiff takes umbrage at the state court's denial and seeks relief from this Court.

This Court does not have jurisdiction over Plaintiff's complaint as to the Racine County Circuit Court. A plaintiff may not use the federal courts to collaterally attack the outcome of a state court proceeding in lieu of an appeal in the state court. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, "[u]nder the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The *Rooker-Feldman* doctrine's application most often occurs in "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to claims that are "inextricably intertwined" with a state court's determination. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Clearly, *Rooker-Feldman* precludes this Court's review of the Racine County Circuit Court's determination that Plaintiff did not state an actionable claim.

4. **CONCLUSION**

Although Plaintiff is indigent, the Court finds that it either does not have jurisdiction over Plaintiff's claims or that Plaintiff has failed to properly allege any federal claims upon which relief can be granted. The

Page 7 of 9
Case 2:20-cv-00812-JPS   Filed 11/17/20   Page 7 of 9   Document 12

Court will dismiss Plaintiff's entire complaint without prejudice;[3] however, Plaintiff will be afforded leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). Thus, the Court will wait to determine whether to grant Plaintiff's *in forma pauperis* motion (Docket #2) until after it evaluates Plaintiff's amended complaint, should he choose to file one. Plaintiff must submit an amended complaint on or before **Friday, December 4, 2020**.

If Plaintiff submits an amended complaint, the Court will screen the same. The Court instructs Plaintiff that an amended complaint will supersede the prior complaint and, thus, must be complete in itself without reference to the original. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading . . . ." *Id.* (citation omitted); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Lastly, the Court turns to Plaintiff's motion for a temporary injunction (Docket #7) in which he seeks to enjoin the Racine County Circuit Court from adjudicating an eviction action against him. As discussed in

---

[3] Plaintiff also seeks to bring state law claims in his complaint. *See generally* (Docket #1). Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise jurisdiction over state law claims that are sufficiently related to claims coming within the court's other heads of jurisdiction. At this juncture, the Court will withhold a determination as to supplemental jurisdiction, which may be affected by the allegations in Plaintiff's amended complaint.

footnote 2, *supra*, "the Anti-Injunction Act bars a federal court from enjoining ongoing state court proceedings, except 'as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Bond v. JPMorgan Chase Bank, N.A.*, 526 Fed. App'x 698, 701 (7th Cir. 2013) (quoting 28 U.S.C. § 2283). Thus, as none of the exceptions to the Anti-Injunction Act are even remotely applicable in this action, the Court will deny Plaintiff's motion for a temporary injunction.

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that, should Plaintiff choose to file an amended complaint, he must do so on or before **Friday, December 4, 2020**. If Plaintiff does not file an amended complaint by that deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary injunction (Docket #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge